IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                              CASE NO.  15-03157 (ESL)

MARLON JESUS SANTIAGO                               CHAPTER 13
SANTIAGO

   Debtors

MARLON JESUS SANTIAGO                               ADV. PROC. 15-00143
SANTIAGO

   Plaintiff(s)

vs.

COOPERATIVA DE AHORRO Y
CREDITO
DE ARECIBO,
Defendant.

   Defendant

OPINION AND ORDER

This adversary proceeding is before this Court upon the *Motion for Summary Judgment* filed by Debtor-Plaintiff, Marlon Jesus Santiago Santiago ("Plaintiff") on August 31, 2015 (Dkt. No. 10). On September 24, 2015, Plaintiff filed a *Motion Requesting that Plaintiff's Statement of Uncontested Facts be Deemed Admitted and Plaintiff's Motion for Summary Judgment be Deemed Unopposed and submitted for Adjudication* (Dkt. No. 11). For the reasons set forth below, Plaintiff's *Motion for* Summary Judgment is GRANTED.

**Factual Background**

On April 30, 2015, the Debtor filed a Chapter 13 bankruptcy petition and a Chapter 13 Plan dated April 29, 2015 (the "Plan") (Dkts. 1 and 2). The Plan provides for payments to Cooperativa de Ahorro y Credito ("COOPACA") for the value of the collateral vehicle, a 2012 Kia Sportage 4D ("Collateral"), to the amount $16,075.00, plus 4.25% interest. Furthermore,

-1-

Debtor surrendered his shares with COOPACA, partly satisfying said claim. See Docket No. 2. On May 7, 2015, COOPACA filed its proof of claim for the value of the purchase money security interest in the Collateral to the amount of $32,994.98. Said Loan and Security Agreement between Plaintiff and COOPACA was entered on August 8, 2012. See Proof of Claim No. 1. On May 27, 2015, Plaintiff filed an adversary proceeding against COOPACA to determine the value of the Collateral and requiring the surrender of the title of said Collateral upon the full payment of the secured portion of the creditor's claim. Furthermore, the complaint sought to strip COOPACA's lien to the extent of the value of the property over which the lien is attached, pursuant to 11 U.S.C. § 506(a) and 11 U.S.C. §1325(a) (5) (B) (ii). On June 29, 2015, COOPACA filed an answer to the complaint alleging that: (1) the Plaintiff's value of the collateral is based on unrealistic information and/or inadmissible documentation (2) the value of the Collateral is over Plaintiff's evidence and that (3) COOPACA is entitled to present value of its secured claim at a contractual rate of 6.50% per annum.

On August 31, 2015, Plaintiff's Motion for Summary Judgment was filed, and after due notice and a period for opposing, COOPACA failed to address any of the uncontested facts set forth by Plaintiff in his Motion for Summary Judgment, the Motion Requesting that Plaintiff's Statement of Uncontested Facts be Deemed Admitted and Plaintiff's Motion for Summary Judgment be Deemed Unopposed and submitted for Adjudication.

**Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure, is made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056. See also In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); and do not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v.

-2-

Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10A Wright, Miller & Kane, Federal Practice and Procedure 3d § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988). The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to

making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990). The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980). The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517.

In the instant case, there is no genuine issue of material facts concerning the value of the Collateral, and as a result, the secured portion of COOPACA's claim. The uncontested facts are supported from the undisputed documents and sworn statements on record. Consequently, Plaintiff has successfully carried out the burden of proof to be entitled to a summary judgment.

**Discussion**

The main issues before the Court are: (1) the amount of the secured and unsecured claims on the collateral, (2) the plan's compliance with § 1325(a) (5) (B) (ii), and (3) the applicable principal and interest amount to be paid to COOPACA as a secured and unsecured portion.

**A. Value of the Collateral under § 506 (a)**

-4-

11 U.S.C. § 506(a) provides for a judicial valuation on the collateral in order to determine the status of a secured claim and seek valuation when proposing a Chapter 13 plan. See Nobelman v. American Sav. Bank, 508 U.S. 324, 328 (1993). The value of an allowed secured claim is governed by 11 U.S.C. § 506(a), which states, in its pertinent part, that an allowed claim of a creditor secured by a lien on property in which the estate has an interest, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim. See 11 U.S.C. § 506 (a).

Section 506(a) provides that the value shall be determined in the light of the purpose of the valuation and on the proposed disposition or use of such property. See 11 U.S.C. § 506 (a). As a result, the "proposed disposition or use" of the collateral is of outmost importance pursuant to the valuation question. Under the cramdown option, a debtor may keep the collateral over creditor's objection and provide the creditor, using a replacement-value standard, with the equivalent of the present value of the collateral.

Generally, bankruptcy rehabilitation includes adjustment of obligations owed to creditors holding liens on a debtor's property; lien creditors are deemed to hold a secured claim only to the extent of the value of the property their lien encumbers. See In re Look, 383 B.R. 210, 212 (Bankr.D.Me. 2008). Beyond that amount, the balance the debtor owes is treated as a separate, unsecured claim; the concept is commonly dubbed claim "bifurcation." Id., citing 4 Collier on Bankruptcy P. 506.03 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2007). Bifurcation has historically enabled debtors to modify the claims of creditors who financed car purchases and who held liens on the vehicles to secure their claims. See Look, 383 B.R., at 213. In In re Young, 390 B.R. 480, 486 (Bankr. D.Me. 2008), citing Associates Commercial

Corp. v. Rash, 520 U.S. 953, 961 (1997) the Court explained the bifurcation process that the courts must follow:

> To separate the secured from the unsecured portion of a claim, a court must compare the creditor's claim to the value of "such property", i.e., the collateral. That comparison is sometimes complicated. A debtor may own only a part interest in the property pledged as collateral, in which case the court will be required to ascertain the "estate's interest" in the collateral. Or, a creditor may hold a junior or subordinated lien, which would require the court to ascertain the creditor's interest in the collateral.

Pursuant to the aforementioned applicable case law, and the evidence presented before this Court, COOPACA's claim in the amount of $32,994.98 is only secured up to the value of the Collateral vehicle's appraised value of $14,500.00, plus simple interest as the secured portion of the claim. The remaining of COOPACA's claim shall receive prorated distribution as a general unsecured claim.

**B. Plan's Compliance with § 1325 (a) (5) (B) (ii)**

According to 11 U.S.C. § 1325(a)(5)(B)(ii), the court shall confirm a Plan if, with respect to each allowed secured claim provided for by the Plan, the lien is to be retained by the holder to the extent recognized by the applicable non-bankruptcy law. The debtor's plan will be confirmed if it provides that the secured claim will receive payments with a present value equal to the value of the collateral. See Look, 383 B.R. at 212, citing 11 U.S.C. § 1325(a) (5) (B) (ii). To that extent, the lien continues to secure the claim. Id.; see also, Brooks v. General Motors Acceptance Corp. (In re Brooks), 340 B.R. 648, 652 n.5 (Bankr. D. Me. 2006). As recognized by the Look Court, the Bankruptcy Court for the Western District of Texas had explained:

> Outside of bankruptcy, of course, a car creditor's being underwater only matters if
> the creditor actually has to repossess and sell the car to satisfy its claim. So long as the debtor wants to keep the car, however, the only way for the debtor to get a release of the security interest on the car is to pay off the car debt in full. **Inside bankruptcy, however, the debtor is permitted to "mimic" what would**

**happen in the event the lender sold the vehicle to satisfy the debt, but without the consequences of actually losing the car. A court rules what that value would be, without actually exposing the vehicle to sale, and the resulting number becomes the number that ends up being "financed" by way of section 1325(a) (5) (B) (ii). The balance of any debt owed the creditor is then separately treated as unsecured debt, paid pro rata along with other unsecured creditors.**

In re Look, 383 B.R. at 213, citing In re Sanders, 377 B.R. 836, 844 (Bankr.W.D.Tex. 2007) (added emphasis) (reversed on other grounds).

In the case at bar, Debtor's plan provides payments towards the secured present value of the Collateral, plus simple interest. In accordance with the applicable case law, the balance left of COOPACA's claim is to be treated separately as an unsecured debt, and paid pro rata along with the other unsecured creditors. Thus, Debtor's Plan is in compliance with 11 U.S.C. §

**C. The applicable Interest Rate Upon the Secured Portion of the Claim in Order to Pay the Present Value**

A debtor can restructure a secured creditor's debt over the creditor's objection as long as the creditor retains its lien and receives deferred cash payments equal to the present value of the secured portion of the claim as of the effective date of the plan. See Till v. SCS Credit Corp., 541 U.S. 465, 476 (2004). "Present value" is the current value of a future payment, and takes into account various risks that may arise between the present and future payment date. To compensate the creditor, an additional rate of interest, i.e., the discount rate, is added to take into account the time value of money and the risk or uncertainty of the anticipated payments. See Till, 541 U.S. at 474 ("A debtor's promise of future payment is worth less than an immediate payment of the same total amount because the creditor cannot use the money right away, inflation may cause the value of the dollar to decline before the debtor pays, and there is always some risk of nonpayment."); see also, In re Pamplico Highway Dev., LLC, 468 B.R. 783, 792 (Bankr.D.S.C. 2012). The interest rate applied to the secured portion of the debt is

what ensures present value is received. See In re <u>Mayslake Village-Plainfield Campus</u>, 441 B.R. 309, 321 (Bankr.N.D. Ill. 2010).

In <u>Till</u>, the Supreme Court upheld as proper present value interest rate the combination of the national prime rate plus a risk factor of 1.5% which the Bankruptcy Court had determined. See <u>Till</u>, 541 U.S. at 480.

**Conclusion**

In view of the foregoing, the court finds that the Plaintiff has successfully carried out the burden of proof required under 11 U.S.C. § 506(a) and 11 U.S.C. §1325(a) in order to bifurcate COOPACA's claim. Consequently, COOPACA's claim in the amount of $32,994.98 is only secured up to the value of the Collateral vehicle's appraised value of $14,500.00, plus simple interest in the amount of 4.75%, composed of the current prime rate of 3.25% plus the proper risk factor of 1.5%, during the 5-year repayment period (a total of $3,443.75 of interest). The total principal and interest to be paid to COOPACA equals $17,943.75, as the secured portion of the claim. The remaining $15,051.23 of COOPACA's claim shall receive prorated distribution as a general unsecured claim. Once the secured portion amount of COOPACA's claim is completely paid, COOPACA shall surrender the title of the Collateral vehicle to Plaintiff.

WHEREFORE, IT IS ORDERED that Plaintiff's Motion for Summary Judgment be, and it hereby is, GRANTED.

SO ORDERED.

In San Juan, Puerto Rico, this 5th day of November, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge

-8-